## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM T. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-787-GMS |
| | ) | |
| JANE BRADY, STAN TAYLOR, | ) | JURY TRIAL DEMANDED |
| REBECCA MCBRIDE | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION OF DEFENDANT REBECCA MCBRIDE TO DISMISS PLAINTIFF'S COMPLAINT[1]

Defendant, Rebecca McBride, by and through undersigned counsel, respectfully moves this Honorable Court to enter an Order, pursuant to Rules 12(b)(1) and 12 (b)(6) of the Federal Rules of Civil Procedure, dismissing Plaintiff's Complaint with prejudice. In support thereof, Defendant McBride represents as follows:

1.      William Smith ("Plaintiff") filed a Complaint pursuant to 42 *U.S.C.* § 1983 and a Motion to Proceed *In Forma Pauperis* on December 22, 2006.  (D.I. 1, 2). Plaintiff named former Attorney General Jane Brady, former Commissioner of Corrections Stan Taylor, and Department of Correction ("DOC") employee, Rebecca McBride as defendants in the action.  The Court issued a service Order on February 8, 2007.  A waiver of service form was executed by Rebecca McBride ("Defendant McBride") on May 23, 2007.  (D.I. 8).

2.      Plaintiff's Complaint contains allegations against Defendant McBride in paragraphs No. 1 and 2 under "Statement of Claim."  Specifically, Plaintiff alleges that

---

[1] Moving defendant waives the right to file an Opening Brief and submits this Motion in lieu thereof pursuant to Local Rule 7.1.2.  Moving defendant reserves the right to file a Reply Brief.

Defendant McBride "refused to award meritious [sic] good time for college courses [and] rehabilitative programs" and that her "calculations imposed a greater punishment by sing Sentac [and] Truth in Sentencing guideline for calculating.    (D.I. 2 at p.3).    The Complaint contains no further allegations against Defendant McBride.

3.    Plaintiff's requested relief is that 3,304 days of good time be applied to his sentence to nullify his probation and parole and ten million dollars in damages for emotional distress.  (D.I. 2 at p.3-4).  The following are Defendant McBride's arguments in support of dismissal of the Complaint.

4.    In deciding a motion to dismiss, the Court should dismiss the complaint "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint. *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  Though *pro se* pleadings are entitled to leniency, such pleadings must still place a defendant on notice as to what wrong he has supposedly committed.  *Riley v. Jeffes*, 777 F.2d 143, 148 (3d Cir. 1985) ("[I]f a plaintiff presents only vague and conclusory allegations, the complaint should be dismissed.").

I.    **Plaintiff's Duration of Confinement Has Not Been Invalidated and Thus He Has No Cause of Action to Challenge the Duration Under 42 *U.S.C.* § 1983.**

5.    Plaintiff's claims against Defendant McBride are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Plaintiff is precluded by *Heck* from bringing an action for damages in federal court pursuant to 42 *U.S.C.* § 1983 when "a judgment in favor of the defendant would necessarily imply the invalidity of his conviction or sentence."

*Heck*, 512 at 486-87.    Plaintiff's sentence must be invalidated by state authorities, state courts, or by the issuance of a writ of habeas corpus before he can file a claim for damages pursuant to § 1983 for injury caused by imprisonment beyond his maximum sentence. *Id.*

6.    A suit alleging that the deprivation of good-time credits was causing or caused illegal physical confinement falls squarely within the traditional scope of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973).  Where the deprivation of a right is such that it necessarily impacts the fact or length detention, habeas is the appropriate relief. *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

7.    Plaintiff is challenging his sentence and a determination by this Court that Plaintiff was denied certain good time credits would necessarily imply that he would serve a shorter sentence.  As fully outlined and documented in Defendant Brady's Motion to Dismiss (D.I. 9), Plaintiff's conviction has not been overturned, reversed, expunged, or called into question, but repeatedly upheld by both state and federal courts.

8.    Plaintiff cannot circumvent the requirements of *Heck* by raising his issue as an attack on procedure rather than substance. *Leamer*, 288 F.3d at 540.  Plaintiff has not shown that his duration of sentence has been invalidated and, absent such a showing, Plaintiff's sole remedy for his challenge is by way of habeas corpus. *Preiser* 411 U.S. at 93.

9.    "When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice." *United States v. Miller*, 197 F.3d 644, 652 n. 7 (3d Cir. 1999).  Defendants assert that in this matter, Plaintiff's challenge to the award of good time can not be

resolved without questioning the validity of is confinement and Plaintiff's claims against

Defendant McBride must be dismissed for failure to state a claim.

**II.    Defendant McBride is Entitled to Official Immunity for Claims Brought Against Her in Her Official Capacity.**

10.    The Eleventh Amendment provides that "the Judicial power of the United

States shall not be construed to extend to any suit in law or equity, commenced or

prosecuted against one of the United States by citizens of another State, or by Citizens or

Subjects of any Foreign State." A suit against a state official in their official capacity is

treated as a suit against the State. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

11.    "The Eleventh Amendment limits federal judicial power to entertain

lawsuits against a State and, in the absence of congressional abrogation or consent, a suit

against a state agency is proscribed." *Neeley v. Samis*, 183 F. Supp. 2d 672, 678 (D. Del.

2002) (quoting *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100,

104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). The United States Congress can waive the state's

sovereign immunity, and therefore, its Eleventh Amendment immunity through the

Fourteenth Amendment; however, only a clear indication of Congress' intent to waive the

states' immunity will produce this result. *Seminole Tribe of Florida v. Florida*, 517 U.S.

44, 55-56 (1996). No such clear intent can be seen in 42 *U.S.C.* § 1983. In fact, a review

of the statute demonstrates that Congress did not intend to waive the states' immunity.

The statute facially allows suits only to be brought against "persons." 42 *U.S.C.* § 1983.

12.    Defendant McBride is a state official acting under color of state law. A

suit against Defendant McBride in her official capacity is treated as a suit against the

State. In her official capacity, she is not a "person" for purposes of 42 *U.S.C.* § 1983.

*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The Federal District

Court is without subject matter jurisdiction to hear Plaintiff's official-capacity claims against Defendant McBride. Therefore dismissal is appropriate.

### Conclusion

17.    Plaintiff's Complaint fails to state a § 1983 claim against Defendant McBride because Plaintiff is challenging the duration of his confinement and that duration has not been invalidated by a state tribunal or called into question by a federal court. Even if Plaintiff did have a cause of action, Defendant McBride is entitled to dismissal of any claims against her in her official capacity.

**WHEREFORE**, for the foregoing reasons, Defendant McBride moves this Honorable Court to dismiss the claims against her with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/* Stacey Xarhoulakos_____
Stacey Xarhoulakos, # 4667
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, De 19801
(302) 577-8400

Dated: July 23, 2007                Attorney for Defendant Rebecca McBride

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WILLIAM T. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-787-GMS |
| | ) | |
| JANE BRADY, STAN TAYLOR, | ) | |
| REBECCA MCBRIDE | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Upon Defendant Rebecca McBride's Motion To Dismiss pursuant to Federal Rules of Civil Procedure 12 (b)(1) and 12(b)(6) (the "Motion"); and it appearing that good and sufficient notice of the Motion has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** as follows:

1.      The Motion is **GRANTED**.

2.      The Complaint filed in the above-captioned action is **DISMISSED WITH PREJUDICE** as to Defendant Rebecca McBride.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable
United States District Court

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2007, I electronically filed *Motion to Dismiss of Defendant Rebecca McBride* with the Clerk of Court using CM/ECF.  I hereby certify that on July 23, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant:

William T. Smith, III
108 Carvel Dr., Apt. # 2
New Castle, DE 19720
*Pro Se*

/s/ Stacey Xarhoulakos
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us